IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,        )  | Crim. No. 03-00493 HG-01 |
| )                                        | Crim. No. 03-00494 HG-06 |
| Plaintiff,            )                  | Crim. No. 03-00496 HG-03 |
| )                                        | |
| vs.                       )              | |
| )                                        | **ORDER GRANTING GOVERNMENT'S** |
| JASEN ANTONIO,              )            | **MOTION FOR REDUCTION OF** |
| aka "Fluff"              )               | **SENTENCE FOR SUBSTANTIAL** |
| )                                        | **ASSISTANCE** |
| Defendant.            )                  | |
| _____ )        | |

**ORDER GRANTING GOVERNMENT'S MOTION FOR REDUCTION
OF SENTENCE FOR SUBSTANTIAL ASSISTANCE**

Defendant Jasen Antonio ("Antonio") was charged in three separate Indictments. On October 8, 2003, Antonio was charged in an Indictment in Crim. No. 03-00493, with one count of a violation of Title 21, United States Code, Section 846 (Count 1 - Conspiracy to possess with intent to distribute fifty (50) grams or more of methamphetamine; one count of a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2 (Count 2 - Possession with intent to distribute fifty (50) grams or more of methamphetamine); and one count of a violation of Title 21, United States Code, Section 843(b) (Count 3 - Unlawful use of a communications facility).

Antonio was also charged in an Indictment in Crim. No. 03-00494, with one count of a violation of Title 21, United States

1

Code, Section 846 (Count 1 - Conspiracy to possess with intent to distribute fifty (50) grams or more of methamphetamine); one count of a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2 (Count 2 - Possession with intent to distribute fifty (50) grams or more of methamphetamine); and one count of a violation of Title 21, United States Code, Section 843(b) (Count 6 - Unlawful use of a communications facility).

Finally, Defendant was charged in an Indictment in Crim. No. 03-00496, with one count of a violation of Title 21, United States Code, Section 846 (Count 1 - Conspiracy to possess with intent to distribute fifty (50) grams or more of methamphetamine); one count of a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) (Count 2 - Possession with intent to distribute fifty (50) grams or more of methamphetamine); and one count of a violation of Title 18, United States Code, Section 1956(h) (Count 13 - Conspiracy to commit money laundering).

All three cases were consolidated for purposes of plea and sentencing. On August 9, 2004, Antonio appeared before the Court and pled guilty to Count 1 of the Indictment in Crim. No. 03-00493, Count 1 of the Indictment in Crim. No. 03-00494, and Count 1 of the Indictment in Crim. No. 03-00496. The Court dismissed the remaining counts against Antonio at the time of his

sentencing.

On September 29, 2005 the Court imposed a sentence of 131 months imprisonment as to each count in each Indictment, all sentences to run concurrently.  The Court also sentenced Antonio to five years supervised release as to each count, in each Indictment, all of the sentences to run concurrently.  At the time the Court sentenced Antonio, his cooperation was not yet complete.

On July 26, 2006, the Government filed a Motion for Reduction of Sentence for Substantial Assistance Pursuant to Federal Rule of Criminal Procedure 35(b)(1)(A).  The Government recommended a 39-month reduction in Antonio's sentence, from 131 months to 92 months.

On July 31, 2006, Antonio filed a Memorandum in Support of Motion for Reduction of Sentence for Substantial Assistance. Antonio asked the Court to further reduce his sentence to somewhere within the 63 to 78-month range.

After reviewing the information provided by the Government and Antonio concerning Antonio's level of cooperation and considering the arguments made in support of reducing Antonio's sentence, the Court GRANTS the Government's motion to reduce Antonio's sentence.  Antonio's sentence is reduced by 39 months to a term of 92 months.

**STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 35(b)(1) provides:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
> (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>
> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court. United States v. Smith, 964 F.2d 885, 887 (9th Cir. 1992); United States v. Hooton, 693 F.2d 857, 859 (9th Cir. 1982).

**ANALYSIS**

The Court finds that Antonio substantially assisted the Government in the investigation and prosecution of criminal activity. Antonio is entitled to a reduction of his sentence pursuant to Rule 35(b)(1). The Court rejects Antonio's request for a reduction within a range of 63-78 months in light of the serious nature of Antonio's prior criminal record. Based on the nature of Antonio's cooperation, the Court finds that a sentence reduction of 39 months is appropriate and is consistent with the Sentencing Guidelines and the Sentencing Commission's policy statements.

**CONCLUSION**

In accordance with the foregoing, the Court GRANTS the

Government's motion for reduction of sentence for substantial assistance, filed on July 26, 2006, and reduces Antonio's sentence of 131 months to 92 months.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, August 22, 2006.



        **/s/ Helen Gillmor**
        Chief United States District Judge

---

<u>United States v. Jasen Antonio, aka "Fluff"</u>, Crim. No. 03-00493 HG-01; Crim. No. 03-00494 HG-06; Crim. No. 03-00496 HG-03; **ORDER GRANTING GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE FOR SUBSTANTIAL ASSISTANCE**